In the Matter of FREDERICK W. COIT, an Attorney and Counselor at Law, Respondent.

Fourth Department, May 26, 1937.

*Daniel J. O'Mara, District Attorney of Monroe County,* and *Stephen K. Pollard, Assistant District Attorney,* for the petitioner.

*George J. Skivington,* for the respondent.

PER CURIAM. Frederick W. Coit, an attorney and counselor at law, has been charged, before this court, with " professional misconduct, malpractice, fraud, deceit and conduct prejudicial to the administration of justice " in respect to the handling of the moneys of two separate clients, Herbst and Wilkinson.

The referee finds that respondent was guilty of no conversion in the handling of the moneys of the clients named.

The client Herbst placed in respondent's hands the sum of $4,000 to invest. A portion of the money was loaned by respondent without consulting the client as to the investments. When the investments proved to be bad the respondent gave Herbst a receipt

for the $4,000, which Herbst accepted, the receipt containing a statement to the effect that respondent held the money for purposes of investment and that he guaranteed the payment of principal and interest. Respondent's fault consisted in depositing the $4,000 in what he calls his " attorney's account " confusing the funds with his own and the moneys of other clients, and using the moneys for investment and personal purposes somewhat indiscriminately. At the time, Herbst was claimed by Coit to be indebted to him for more than $1,500 for legal services and for money advanced, in the interest of Herbst, in other matters. There is little doubt that Herbst knew of the way in which respondent was handling his funds and made no complaint until investments which respondent made for him turned out to be bad.

Respondent was intrusted with $2,000 of Wilkinson's money for the purpose of investing the same. Without consulting his client as to what loans to make, respondent made poor and unsafe ones and the money was lost. Thereupon respondent gave Wilkinson his personal obligation for the $2,000, and paid the major part of it. While the money was in his hands respondent confused it with his own funds and those of other clients in his so-called " attorney's account." Respondent kept loose and inadequate books of account from which he was unable to tell where he stood in reference to his money obligations to his clients. In his favor it must be said that whenever his clients lost money through his unwise and, in some instances, unauthorized investments, he assumed, and they accepted his personal obligations for, their loss. But there came a time when he was unable to meet those obligations. Respondent has shown a lack of a proper sense, which every lawyer should have, of responsibility toward the trust reposed in him by his clients. Whenever an attorney confuses the money of clients with his own, keeping both in a single bank account, he is almost sure, sooner or later, to make an improper use of money belonging to his clients. He usually learns his mistake when he is unable to correct it. That is the mistake which respondent made, and he has been guilty of a breach of the Canons of Ethics.

The referee's report should be confirmed in its finding that the respondent Frederick W. Coit violated the Canons of Ethics and was guilty thereby of professional misconduct and should be severely censured by this court.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY and LEWIS, JJ.

Referee's report confirmed in its finding that the respondent violated the Canons of Ethics and was guilty thereby of professional misconduct and order entered severely censuring respondent.